UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BARBARA R.,

          Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.

Case No. 2:18-cv-01855-TLF

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

     Plaintiff has brought this matter for judicial review of Defendant's denial of her application for disability insurance benefits.

     The parties have consented to have this matter heard by the undersigned Magistrate Judge. For the reasons set forth below, the ALJ's decision is reversed and remanded for an award of benefits as to the period between April 4, 2012 and March 14, 2015.

## I.    ISSUES FOR REVEW

1. Did the ALJ err in evaluating Plaintiff's symptom testimony?
2. Did the ALJ properly evaluate the medical opinion evidence?
3. Did the ALJ err in discounting lay witness testimony?

## II. BACKGROUND

On January 17, 2013, Plaintiff filed an application for disability insurance benefits, alleging a disability onset date of April 4, 2012. AR 22, 186-87, 819. Plaintiff's application was denied upon initial administrative review and on reconsideration. AR 22, 95-98, 107-09, 819. A hearing was held before Administrative Law Judge ("ALJ") Virginia M. Robinson on May 15, 2014. AR 38-63, 1037-63. On June 16, 2014, the ALJ determined Plaintiff was not disabled. AR 19-32, 935-49. The Social Security Appeals Council denied Plaintiff's request for review. AR 3-10.

On January 11, 2016, Plaintiff filed a complaint seeking judicial review of the Commissioner's decision that Plaintiff was not disabled. AR 898. On September 29, 2016, this Court reversed and remanded the case for further consideration of Plaintiff's testimony and the medical opinion evidence. AR 881-95, 900-03, 927.

After another hearing, the ALJ issued a partially favorable decision on August 27, 2018 finding that Plaintiff was disabled as of June 8, 2016. AR 815-38, 850-80. On December 22, 2018, Plaintiff filed the current complaint in this Court Plaintiff asks for a finding that Plaintiff was disabled between April 2012 and March 2015 and an award of benefits; in the alternative, Plaintiff requests a remand for further proceedings. Dkt. 1, Dkt. 10, p. 19.

## III. STANDARD OF REVIEW

The Court will uphold an ALJ's decision unless: (1) the decision is based on legal error; or (2) the decision is not supported by substantial evidence. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S.Ct. 1148, 1154 (2019). This requires "more than a mere scintilla" of evidence. *Id.*

The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The Court is required to weigh both the evidence that supports, and evidence that does not support, the ALJ's conclusion. *Id.* The Court may not affirm the decision of the ALJ for a reason upon which the ALJ did not rely. *Id.* Only the reasons identified by the ALJ are considered in the scope of the Court's review. *Id.*

## IV. DISCUSSION

The Commissioner uses a five-step sequential evaluation process to determine if a claimant is disabled. 20 C.F.R. § 404.1520. At step one of the sequential evaluation, the ALJ must determine whether the claimant is engaging in substantial gainful activity. 20 C.F.R. § 404.1594(f)(1). Step two of the administration's evaluation process requires the ALJ to determine if the claimant "has a medically severe impairment or combination of impairments." *Smolen v. Chater*, 80 F.3d 1273, 1289-90 (9th Cir. 1996) (citation omitted); 20 C.F.R. § 404.1520(a)(4)(ii).

At step three of the sequential evaluation, the ALJ must evaluate the claimant's impairments to decide whether they meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R § 404.1520(d); *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If they do, the claimant is deemed disabled. 20 C.F.R § 404.1520(d).

The ALJ assesses the claimant's residual functional capacity ("RFC") to determine, at step four, whether the plaintiff can perform past relevant work, and if necessary, at step five to determine whether the plaintiff can adjust to other work. *Kennedy v. Colvin*, 738 F.3d 1172, 1175 (9th Cir. 2013). The ALJ has the burden of proof at step five to show that a significant number of jobs that the claimant can perform exist in the national economy. *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999); 20 C.F.R. § 404.1520(e).

At step one of the sequential evaluation, the ALJ found that Plaintiff had engaged in substantial gainful activity between March 2015 and June 2016. AR 822-23. At step two, the ALJ found that since Plaintiff's alleged onset date, she had the severe impairments of post-concussive syndrome vs. organic brain syndrome; degenerative changes in the lumbar and cervical spine; and affective disorder. AR 823. The ALJ also found that Plaintiff had a range of non-severe impairments. AR 823-24. At step three, the ALJ found that none of Plaintiff's impairments met or equaled a listed impairment. AR 824-25.

Based on the limitations stemming from these impairments, the ALJ found that since her alleged onset date, Plaintiff was unable to perform her past relevant work. AR 836. The ALJ found that prior to June 8, 2016, there were a significant number of light, unskilled jobs Plaintiff could perform at step five. AR 836-37. The ALJ found that beginning on June 8, 2016, there were not a significant number of jobs Plaintiff could perform, and that she was disabled as of this date. AR 837-38.

A. <u>Whether the ALJ erred in evaluating Plaintiff's symptom testimony</u>

Plaintiff maintains that the ALJ erred in evaluating her subjective allegations. Dkt. 10, pp. 11-17.

In weighing a Plaintiff's testimony, an ALJ must use a two-step process. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). First, the ALJ must determine whether there is objective medical evidence of an underlying impairment that could reasonably be expected to produce some degree of the alleged symptoms. *Ghanim v. Colvin,* 763 F.3d 1154, 1163 (9th Cir. 2014). If the first step is satisfied, and provided there is no evidence of malingering, the second step allows the ALJ to reject the claimant's testimony of the severity of symptoms if the ALJ can

provide specific findings and clear and convincing reasons for rejecting the claimant's testimony. *Id.*

In discounting Plaintiff's allegations, the ALJ reasoned that: (1) Plaintiff's physical and mental allegations were inconsistent with the objective evidence, (2) the record contains evidence of symptom magnification with respect to Plaintiff's cognitive impairment, (3) Plaintiff returned to work after her alleged onset date, (4) Plaintiff's activities of daily living are inconsistent with her allegations, and (5) Plaintiff made several inconsistent statements to the ALJ and her physicians. AR 826-31.

Inconsistency with objective evidence may serve as a clear and convincing reason for discounting a claimant's testimony, *Regennitter v. Commissioner of Social Sec. Admin.*, 166 F.3d 1294, 1297 (9th Cir. 1998), but an ALJ may not reject a claimant's subjective symptom testimony "solely because the degree of pain alleged is not supported by objective medical evidence." *Orteza v. Shalala*, 50 F.3d 748, 749-50 (9th Cir. 1995) (internal quotation marks omitted, and emphasis added); *Byrnes v. Shalala*, 60 F.3d 639, 641-42 (9th Cir. 1995) (applying rule to subjective complaints other than pain). The ALJ in this case pointed to the inconsistency of Plaintiff's allegations regarding her physical and mental impairments with the objective evidence; but the ALJ may not discount Plaintiff's testimony solely because of this inconsistency. AR 826-29.

Affirmative evidence of "symptom magnification", or malingering, relieves an ALJ from the burden of providing specific, clear, and convincing reasons for discounting a claimant's testimony. *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir.2006); *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir.1999).

In support of her conclusion that Plaintiff engaged in symptom magnification, the ALJ cites notations made by Plaintiff's physicians during two cognitive evaluations. The ALJ cited a comment included in a January 2013 evaluation conducted by Sarah Walker, Ph.D., in which Dr. Walker observed signs of fluctuating effort at different points in the evaluation. AR 783-84, 828.

The ALJ also cited a neuropsychological evaluation conducted by Myron Goldberg, Ph.D., in which Dr. Goldberg observed that Plaintiff's scores on two performance validity tests were "outside the normal range and give rise to validity concerns, as they signal a distinct likelihood that her achievement on cognitive tests could underestimate her actual level of ability." AR 828, 1814.

Neither of these evaluations contains affirmative evidence of malingering. Dr. Walker observed that during her evaluation, Plaintiff "struggled to remain consistently engaged" in the testing, but that once she emphasized the importance of effort, Plaintiff "appeared to adjust and warm to the evaluative process over time" and performed a subsequent embedded effort measure with 100 percent accuracy. AR 783-84. Dr. Walker stated that despite this improvement, her findings "may still reflect an underestimate" of Plaintiff's capabilities. AR 784.

While Dr. Goldberg stated that there was a "distinct likelihood" that Plaintiff's performance on cognitive testing could underestimate her actual level of ability, he acknowledged that he was uncertain about the reason for Plaintiff's poor showing on performance validity tests and stated that "psychological and pain-related (headache) factors, along with sleep disturbance, could very well be contributory." AR 1814.

Neither Dr. Walker or Dr. Goldberg used language indicating that Plaintiff's poor performance on cognitive testing was due to malingering, and Plaintiff's difficulty completing

this testing is not inconsistent with her allegations regarding processing information and maintaining pace.

An ALJ may properly discount a claimant's allegations of disabling limitations by contrasting that testimony with Plaintiff's continued work activity. *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1221, 1227 (9th Cir. 2009) (finding that the ALJ properly discounted a claimant's subjective allegations when she worked after her alleged onset date and continued to seek employment). However, the fact that Plaintiff worked despite her impairments, and continued to work despite ongoing symptoms stemming from her condition, enhances rather than detracts from her credibility. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1038-39 (9th Cir. 2007) (finding that when a disability claimant attempted to return to work because of economic necessity, "it is at least as likely that the claimant tried to work in spite of his symptoms, not because they were less severe than alleged.").

Plaintiff testified that she stopped working in 2012 after suffering two concussions. AR 869-70. Plaintiff stated that her physician advised her to stop working, get intensive therapy, and give herself brain rest. AR 870. Plaintiff testified that she saw her concussion specialist on an almost monthly basis, and underwent speech, occupational, and physical therapy. *Id.*

Plaintiff testified that she while she was uncertain if she would successful, she returned to work on March 15, 2015 because she wanted to try and was not receiving disability benefits. AR 856-57. Plaintiff was re-hired by her previous employer, and worked at a computer booking cruises. AR 857-58. Plaintiff testified that she had a difficult time keeping up with her work, and began to work part-time after a few months. AR 859. Plaintiff stated that she went back to work when she felt she could manage it, and did not receive unemployment benefits after her alleged onset date. AR 862-63. *See Ghanim v. Colvin*, 763 F.3d 1154, 1165 (9th Cir. 2014) (receipt of

unemployment benefits can cast doubt on a claim of disability, as it shows that an applicant holds herself out as capable of working). Plaintiff testified that she stopped working in June 2016 after suffering a fourth concussion. AR 860-61.

The ALJ found that there was no evidence that Plaintiff experienced any dramatic improvement in her symptoms between April 2012 and March 2015, reasoned that Plaintiff did not receive any specific accommodations in performing her job, and stated that it seemed "somewhat inconceivable" that an individual with the pain, fatigue, and cognitive limitations alleged by Plaintiff would be able to perform this type of job. AR 829-30.

While Plaintiff was attempting to work in March 2015, she testified that there was an initial training period during which she was able to sit in a darkened classroom, followed by a week or two of job shadowing. AR 858. Plaintiff testified that her return to work was hard, and that she had a difficult time processing information and maintaining pace due to the aftereffects of her concussions. AR 858-59. Plaintiff stated that her customers would often become frustrated by this and ask to speak to her supervisor. *Id.* Plaintiff testified that her employer accommodated her symptoms by allowing her to press a button that would prevent her from automatically connecting to a new customer after completing a call, allowing her to have some additional "after-call time" to complete her work. AR 859.

The ALJ's conclusion that Plaintiff did not experience any "dramatic improvement" in her symptoms between April 2012 and March 2015 is broadly supported by the record. AR 347-69, 389-640, 652, 660-61, 669-70, 673-75, 680-724, 728-47, 749-55, 759-77, 782-88, 1065-69, 1071-78, 1084-99, 1103-21.

In assessing Plaintiff's testimony, especially as it relates to her employment activities, the ALJ erred by not considering Plaintiff's excellent work history. *See* 20 C.F.R. § 404.1529(c)(3)

(An ALJ will consider evidence about an individual's prior work record when evaluating symptoms); *see also Archer v. Apfel*, 66 Fed.Appx. 121, 121 (9th Cir. 2003) (A good work history over an extended period enhances a Social Security claimant's credibility). It is unnecessary for the ALJ to "discuss all evidence presented". *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ must only explain why "significant probative evidence has been rejected." *Id*.

Here, Plaintiff's excellent work history is significant probative evidence that enhances her credibility. In addition to returning to work despite significant vocational challenges, Plaintiff worked consistently as an administrative/payroll clerk for 21 years, and appears to have been working consistently since 1978. AR 189-90, 196, 221. Plaintiff attempted to continue working with accommodations, only leaving her job following an additional concussion which worsened her symptoms. AR 860.

With respect to the ALJ's fourth reason for discounting Plaintiff's testimony, an ALJ may discredit a claimant's testimony when the claimant reports participation in everyday activities indicating capacities that are transferable to a work setting. *See Morgan v. Comm'r Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir.1999). However, disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998), citing *Cooper v. Bowe*n, 815 F.2d 557, 561 (9th Cir.1987) (noting that a disability claimant need not "vegetate in a dark room" in order to be deemed eligible for benefits).

Here, the ALJ cited Plaintiff's ability to drive safely to her daughter's school and the grocery store as inconsistent with her allegations concerning the aftereffects of her concussion.

AR 830. The ALJ noted that Plaintiff had only been pulled over once by the police for not paying attention while driving. *Id.*

Plaintiff's ability to drive to her daughter's school and the grocery store is not a clear and convincing reason for discounting her testimony. *See Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir.2001) ("This court has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability. One does not need to be 'utterly incapacitated' in order to be disabled."), citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir.1989); *Diedrich v. Berryhill*, 874 F.3d 634, 643 (9th Cir. 2017) ("House chores, cooking simple meals, self-grooming, paying bills, writing checks, and caring for a cat in one's own home, as well as occasional shopping outside the home, are not similar to typical work responsibilities.").

As for the ALJ's fifth reason, the ALJ cites several discrepancies in Plaintiff's statements to her physicians regarding the events leading to her concussions. AR 830-31. The ALJ also cited a statement Plaintiff made during the May 2014 hearing stating that she did not receive any disability benefits from her employer and contrasted this with evidence that Plaintiff did receive benefits from her employer's disability insurance policy. *Id.* In her 2014 hearing decision, the ALJ also cited these discrepancies as a reason for discounting Plaintiff's allegations. AR 29.

In its September 2016 remand order, this Court expressed skepticism about these alleged discrepancies, noting that Plaintiff's statements in the immediate aftermath of her concussions were generally consistent, and to the extent there was any inconsistency, this could be explained by other factors, and could not be reasonably construed as raising a question as to the reliability of her testimony. AR 889-90. The Court also found that Plaintiff apparently misunderstood the

ALJ's question regarding disability benefits as asking about worker's compensation payments, and that Plaintiff was forthright with the Social Security Administration about receiving disability insurance benefits through her employer. AR 890-91.

The law of the case doctrine generally prohibits a court from considering an issue that has already been decided by that same court or a higher court in the same case. *Stacy v. Colvin*, 825 F.3d 563, 567 (9th Cir. 2016) (citations omitted). The law of the case doctrine "is concerned primarily with efficiency, and should not be applied when the evidence on remand is substantially different, when the controlling law has changed, or when applying the doctrine would be unjust." *Id.*

Here, the ALJ cited some new evidence not available to the ALJ during the first hearing. AR 830, 1065, 1095. The evidence in question consists of statements Plaintiff made in March and December 2014 about whether she lost consciousness after suffering her second concussion in August 2011. AR 1065, 1095. However, this new evidence is not substantially different, and does not disturb the Court's finding that inconsistencies in Plaintiff's testimony could be attributable to factors that do not diminish Plaintiff's credibility. AR 890.

As such, the law of the case doctrine applies, and the alleged inconsistencies cited by the ALJ cannot serve as a clear and convincing reason for discounting Plaintiff's testimony.

B. <u>Remaining Issues</u>

Plaintiff contends that the ALJ erred in evaluating medical opinion evidence and lay witness testimony. Dkt. 10, pp. 3-11, 17-18. Because this case be resolved without considering the remainder of the ALJ's decision, the Court declines to address these issues.

C. <u>Remand for an Award of Benefits</u>

"'The decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court.'" *Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017) (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). If an ALJ makes an error and the record is uncertain and ambiguous, the court should remand to the agency for further proceedings. *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). Likewise, if the court concludes that additional proceedings can remedy the ALJ's errors, it should remand the case for further consideration. *Revels*, 874 F.3d at 668.

The Ninth Circuit has developed a three-step analysis for determining when to remand for a direct award of benefits. Such remand is generally proper only where

> "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand."

*Trevizo*, 871 F.3d at 682-83 (quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)).

The Ninth Circuit emphasized in *Leon v. Berryhill* that even when each element is satisfied, the district court still has discretion to remand for further proceedings or for award of benefits. 80 F.3d 1041, 1045 (9th Cir. 2017).

Here, the ALJ erred in discounting Plaintiff's testimony that she was unable to work between her alleged onset date and the date she returned to work. The record has been fully developed and further administrative proceedings would serve no useful purpose. Crediting Plaintiff's testimony as true, the ALJ would be required to find that Plaintiff was disabled between her alleged onset date of April 4, 2012 and the day before she returned to work on March 15, 2015. As such, Plaintiff is disabled, and remand for an award of benefits is the appropriate remedy as to the period between April 4, 2012 and March 14, 2015.

## CONCLUSION

Based on the foregoing discussion, the Court finds the ALJ erred when she determined Plaintiff to be not disabled. Defendant's decision to deny benefits therefore is REVERSED and this matter is REMANDED for an award of benefits as to the period between April 4, 2012 and March 14, 2015. The Court reverses the decision of the ALJ and remands to the Commissioner for an award of benefits.

Dated this 4th day of December, 2019.

Theresa L. Fricke
United States Magistrate Judge